IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:07-cv-709-WKW |
| v. | ) [wo] |
| | ) |
| MARK E. FULLER, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action is presently before the Court on Plaintiff's Motion to Appear in Forma Pauperis (Doc. # 2) and Motion to Remove Any and All Opinions (Doc. # 3). The court construes the Motion to Appear in Forma Pauperis as a motion to proceed in forma pauperis. It is ORDERED that the motion (Doc #2) is GRANTED.

Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, brings this action against defendant Judge Mark Fuller, a district court judge in the Middle District of Alabama. Plaintiff alleges that Judge Fuller has (1) denied him the right to due process under both the Fifth and Fourteenth Amendments of the Constitution in cases the plaintiff has brought before Judge Fuller, (2) violated his Seventh Amendment right to a jury trial, (3) deprived him of his right to a speedy trial, and (4) violated criminal laws by breaking his oath of office. Plaintiff seeks ten million dollars in damages and asks that the amount be tripled every thirty days from the date the complaint was filed for

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"additional appeals or intentional delays." (Compl. 7.)

A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is frivolous as a matter of law where the defendant is immune from suit. *Id.*

A judge is immune from suit for actions taken in his official capacity unless he acted in the "'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 351 (1871)); *see also Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). Coggins's allegations made emanate from actions taken by Judge Fuller in his judicial capacity during or relating to court proceedings over which he had jurisdiction. Judge Fuller is thus immune from suit for his actions in the lawsuits brought by Coggins. Therefore, Coggins's claims for damages against Judge Fuller are "based on indisputably meritless legal theory" and are due to be dismissed under the provisions of § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 327.

Coggins also asserts Judge Fuller is guilty of perjury and breaking his oath of office. To the extent Coggins seeks to pursue criminal charges against Judge Fuller, his claims are due to be dismissed because a private citizen cannot institute criminal proceedings in federal court. *See Linda R. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *United States ex rel Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (finding private criminal complaints cannot be filed in federal court).

It is the ORDER of the Court that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. #2) is granted.

2. Plaintiff's claims are DISMISSED with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B)(i) and (iii).

3. Plaintiff's Motion to Remove Any and All Opinions (Doc. #3) is DENIED as moot.

An appropriate judgment will be entered dismissing this action.

Done this 26th day of September, 2007.

        /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).